Rosa Carreras Freyre et al., Plaintiffs and Appellees, *v.* Josefa Dolores Brunet y Guayta, Defendant and Appellant.

No. 6290.   Argued April 24, 1933.—Decided April 28, 1933.

*G. de la Haba* for appellant.   *A. Marín* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The appellees have moved for the dismissal of the appeal taken in this case, on the ground that the record was filed on February 23, 1933, and on the following March 4 the appellant was granted an extension until April 4, 1933, to file her brief, but that the brief was not filed within that time, the appellant having simply requested, on April 3, another extension of thirty days which was granted by this Court without any authority.

The appellees maintain, to use their own words: "That the extension last granted is not permitted by the provisions of

Rule 53 of this Hon. Court, according to the correct interpretation of that rule, and hence the extension is null and void.''

Rule 53 of this Court, which is relied upon, reads:

''Whenever an extension of time for any purpose is sought by counsel in this Court, the granting of which may delay the case for more than thirty days, the same will be denied, unless the opposing party, or his counsel, has been notified, or consents in writing to the delay.''

The appellees argue that the correct interpretation of this rule is that it is not necessary that the extension requested, in itself, exceed thirty days, where another extension has already been requested and granted covering the said term.

Ever since the said rule was adopted, more than twenty years ago, it has been applied invariably in the sense that the requests for extensions which require notice to the opposing party, or its counsel, or a consent in writing, are those which, taken alone, cover more than thirty days, regardless of whether or not, previous extensions of time have been granted. No weighty reasons have been advanced for changing this construction.

Moreover, even though we should decide the contrary and hold that the construction placed on the rule by the appellee is correct, the motion to dismiss would not lie, for we are not dealing with a jurisdictional term, and the Court has already exercised its discretion in granting the extension.

In the matter of appeals there is only one absolutely fatal jurisdictional term: the term fixed for taking the appeal. Once the appeal is taken, the Court acquires jurisdiction to conduct and hear it. The other terms fixed may be extended, the extensions being granted by the Court in the exercise of a sound discretion, according to the surrounding circumstances.

The motion to dismiss must be denied.